UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAHL COOK, | : |
| Petitioner, | : Civ. No. 05-3916 (KM) |
| v. | : **MEMORANDUM AND ORDER** |
| RON CATHEL, et al. | : |
| Respondents. | : |

Petitioner, Thomahl Cook, is a state prisoner proceeding with a habeas petition filed pursuant to 28 U.S.C. § 2254. Petitioner was initially proceeding through counsel, Ms. Marcia H. Blum, Esq, in this case. On December 8, 2005, Judge Hochberg (for whom this case was originally assigned) stayed this matter pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner was instructed to file a motion to reopen with this Court within thirty days after the completion of his state post-conviction relief proceedings. (*See* Dkt. No. 9.) On October 22, 2013, the Court received a *pro se* letter from Mr. Cook indicating his request to reopen this case. (*See* Dkt. No. 10.) No action was taken by the Court at that time.

On February 18, 2015, the Court received petitioner's *pro se* motion to reopen and for leave to file an amended § 2254 habeas petition. On March 18, 2015, this matter was reassigned to me in light of Judge Hochberg's retirement. As Ms. Blum was still petitioner's counsel of record, this Court sought clarification from Ms. Blum regarding her continued representation of Mr. Cook in light of his *pro se* filings. The Order gave Ms. Blum three options: (a) file a motion to reopen on Mr. Cook's behalf as was previously permitted pursuant to the December 8, 2005 stay Order; (b) state why such a motion would not be appropriate; or (c) file a motion to withdraw as Mr. Cook's counsel. (*See* Dkt. No. 13.)

On April 20, 2015, Ms. Blum filed a motion to withdraw as Mr. Cook's attorney. (*See* Dkt. No. 14.) On April 24, 2015, this Court granted Ms. Blum's motion to withdraw. (*See* Dkt. No. 15.) In light of this withdrawal, Mr. Cook's *pro se* motion to reopen and motion for leave to amend his petition will be revisited.

Mr. Cook's motion to reopen will be granted. Mr. Cook admits that the New Jersey Supreme Court denied certification on his post-conviction relief petition in June, 2013. However, the motion to reopen was not filed until more than two years later. Nevertheless, Mr. Cook states that he submitted a series of letters to the Court in 2013 seeking to reopen this case. Indeed, the docket reflects that in October, 2013, Mr. Cook submitted a letter to the Court seeking to reopen this case. (*See* Dkt. No. 10.) While this letter was submitted after the thirty-day window pronounced by the Court in the stay order, I will grant Mr. Cook's motion to reopen nonetheless in the interests of justice.

The Court will also grant Mr. Cook's motion for leave to file an amended petition. Upon screening the amended petition, the Court has determined that dismissal of the amended petition without an answer and the record is not warranted, *see* Rule 4 of Rules Governing 28 U.S.C. § 2254 Cases.

One final procedural matter deserves this Court's attention. The proper respondent in this case is the custodian of the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Mr. Cook is now incarcerated at the East Jersey State Prison in Rahway, New Jersey. The administrator of that facility is Patrick Nogan. Therefore, the Clerk will be ordered to replace Ron Cathel with Patrick Nogan as the respondent in this case. Additionally, the Clerk will be ordered to update Mr. Cook's address to reflect his current incarceration at the East Jersey State Prison.

Accordingly, IT IS this 29th day of April, 2015,

ORDERED that petitioner's motion to reopen this case is granted; and it is further

ORDERED that the Clerk shall update Mr. Cook's address of record as follows: Thomahl Cook, SB# 405681, East Jersey State Prison, Lockbag R, Rahway, New Jersey 07065; and it is further

ORDERED that the Clerk shall replace Ron Cathel with Patrick Nogan as a respondent in this case; and it is further

ORDERED that petitioner's motion to amend his habeas petition is granted and the Clerk shall file petitioner's amended petition which can be found at Dkt. Nos. 11-2, 11-3, 11-4 & 11-5; and it is further

ORDERED that the Clerk shall serve a copy of the amended habeas petition and this Order on the respondents by regular U.S. mail, with all costs of service advanced by the United States, and it is further

ORDERED that respondents shall file a full and complete answer to the habeas petition within forty-five (45) days of the entry of this Order; and it is further

ORDERED that respondents' answer shall address the allegations and grounds of the habeas petition, and shall adhere to the requirements of Rule 5 of the Rules Governing 28 U.S.C. § 2254 Cases; and it is further

ORDERED that the answer shall indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed; and it is further

ORDERED that respondents shall attach to the answer parts of the transcript that the respondents consider relevant and, if a transcript cannot be obtained, respondents may submit a

narrative summary of the evidence, *see* Rule 5(c) of the Rules Governing 28 U.S.C. § 2254 Cases; and it is further

ORDERED that respondents shall file with the answer a copy of: (1) any brief that petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding; (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and (3) the opinions and dispositive orders relating to the conviction or the sentence, *see* Rule 5(d) of the Rules Governing 28 U.S.C. § 2254 Cases; and it is further

ORDERED that the answer shall contain an index of exhibits; and it is further

ORDERED that respondents shall file the answer, the index of exhibits, and the exhibits electronically; and it is further

ORDERED that respondents shall serve the answer, the index of exhibits, and the exhibits upon petitioner, *see* Rule 5 of the Rules Governing 28 U.S.C. § 2254 Cases; FED. R. CIV. P. 10(c); *Sixta v. Thaler*, 615 F.3d 569, 569 (5th Cir. 2010); *Thompson v. Greene*, 427 F.3d 263, 269 (4th Cir. 2005); *Pindale v. Nunn*, 248 F. Supp. 2d 361, 367 (D.N.J. 2003); and it is further

ORDERED that petitioner may file and serve a reply to the answer within forty-five (45) days of petitioner's receipt of same, *see* Rule 5(e) of the Rules Governing 28 U.S.C. § 2254 Cases; and it is further

ORDERED that within seven (7) days of petitioner's release, be it on parole or otherwise, respondents shall electronically file a written notice of same with the Clerk; and it is finally

ORDERED that the Clerk shall serve this Order on petitioner by regular U.S. mail.

_____
KEVIN MCNULTY
United States District Judge